GRIFFIN, Chief Judge.
David Patterson [“Patterson”] appeals his judgment and sentence for the crimes of burglary and petit theft. Patterson contends that the lower court erroneously admitted irrelevant and prejudicial testimony at trial and allowed impermissible evidence of flight. We find no error and affirm.
On the afternoon of July 17, 1995, the victim left her apartment for about one hour. When she returned, she noticed the television on and the VCR playing in fast-forward mode. She also noticed folded-up pink toilet paper on the coffee table. She had not left the television on, and her live-in boyfriend was not supposed to be home. The tape that was playing on the VCR was a home-made video, which had been cued to a part depicting sexual relations between the victim and her boyfriend.
While the victim was in the living room, she heard a “rustling” noise coming from the spare bedroom. She thought someone was *631 inside her apartment, so she left through the front door and went around to the back of the one-story apartment budding. When she reached the back of the building where her spare bedroom was located, she saw Patterson standing by an open window. The window was not open when she left. Patterson was wearing shorts, but no shirt, or shoes.
The victim began yelling at Patterson, repeatedly asking him what he was doing in her apartment. Patterson said he was not inside her home and he then reached forward and shut the window. Patterson, laughing, ran off toward another apartment building.
A few days later, a deputy sheriff patrolling an area not far from the victim’s apartment, came upon Patterson, who matched the victim’s description of the perpetrator, walking down the street with a small child. Patterson tried to conceal his face with his hand as the deputy drove past him. The deputy turned his patrol ear around, but by the time he returned to the place where he saw Patterson, he was gone. Eventually, the deputy saw Patterson and the child again, as they were walking through the parking lot of a shopping plaza by a bank. When Patterson spied the deputy, he ran off behind a building, leaving the child behind.
The deputy .asked the child who was with him and where he lived. On his way to the child's home, the deputy encountered a woman who knew. Patterson and the child. The woman provided Patterson’s name and address, and the deputy gave that information to Detective Tim Ross. Ross retrieved Patterson’s picture and compiled a photographic lineup. The victim identified Patterson’s picture as the man she had seen behind her apartment.
After the victim identified Patterson, Ross went with back-up officers to arrest him. When the officers arrived at Patterson’s apartment, which was located two buildings away from the victim’s apartment, they saw a white male come out of the apartment and look over a privacy fence. The man then went back inside the apartment.
When Ross knocked on the door, an eleven-year-old boy, Ramon Clark, answered the door. Ramon told the officers that Patterson was not there. Ross told Ramon that the officers had seen someone tall looking over the fence. Ramon then said that Patterson had asked him to say he was not there. Ramon informed the officer that Patterson was actually in the bedroom. Ross ordered Patterson to come out of the bedroom. About five minutes later, Patterson came out, and the officers arrested him.
At trial, Patterson attempted to prevent disclosure of the sexual content of the videotape on the ground that it was not relevant to the charges of burglary and grand theft and that the prejudicial impact of the content far outweighed any probative value. The prosecutor responded that testimony on the content was relevant to show the context of the crime and explain: (1) why the victim knew that her apartment had been burglarized; (2) why the defendant had not taken more items; and (3) to rebut any defense theory that the victim was mistaken that a burglary occurred since a wallet and other valuable items were left behind. The prosecutor explained that he was not seeking to introduce the tape to be played for the jury or the witness to explicitly describe the content of the videotape. We agree that the content of the tape was relevant and that the lower court did not abuse its discretion in allowing reference to it. As for the evidence of flight, given the temporal proximity of the events and Patterson’s knowledge that the victim could identify him, we find no abuse of discretion in admitting this evidence.
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.